IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

                Plaintiff,

    vs.

DANNY JUNIOR BRAVO,

                Defendant.

**CASE NO. 8:13CR138**

**MEMORANDUM
AND ORDER**

This matter is before the Court on the Objection and Appeal of the Magistrate Judge's Detention Order (Filing No. 31) filed by Defendant Danny Junior Bravo ("Defendant" or "Bravo"). The Defendant has submitted a Brief in support of his position (Filing No. 32) and the Government has submitted a response (Filing No. 35). Having considered the record and the parties' briefs, the Court finds that the Defendant's Objection should be overruled.

## BACKGROUND

The Defendant was indicted for possession with intent to distribute 500 grams of methamphetamine in violation of Title 21, USC § 841(a)(1). A Pretrial Report determined that the Defendant posed a risk of nonappearance at trial based on the nature of the offense charged, his prior noncompliance with a probation order, his prior criminal history, and his substance abuse history. (Filing No. 7 at 4-5.) For the same reasons, the Pretrial Report also determined that the Defendant posed a risk of danger to the community. (*Id.* at 5.) The Pretrial Report recommended that the Defendant be detained during the pendency of this case. (*Id.*)

Magistrate Judge Thalken ordered the Defendant to be detained pursuant to 18 U.S.C. § 3142. (Filing No. 26). Judge Thalken's Detention Order considered evidence presented at a hearing and information contained in the Pretrial Report. (*Id.* at 1.)

Judge Thalken's findings were based on several factors, including, but not limited to, the nature of the Defendant's alleged crime, the Defendant's significant criminal history, his lack of ties to the area, and his violation of his probation under California law.  (*Id.* at 1-2.)

## STANDARD

"Unless additional evidence is received on review, the district judge reviews an order of release or detention de novo on the record made before the magistrate judge." NECrimR 46.2(c).  The Defendant has not submitted additional evidence, and the Court will review the Detention Order based upon the record before the Magistrate.

## DISCUSSION

Upon de novo review, the Court concludes that the Objection to the Magistrate's Order should be overruled.   Courts consider four factors to determine whether a defendant should be detained before trial or released on bail according to the Bail Reform Act,  18 U.S.C. § 3142.   The factors considered are: (1) the nature and circumstances of the offense, (2) the weight of the evidence against the defendant, (3) the history and characteristics of the defendant, and (4) the nature and seriousness of the danger to any person or the community.  18 U.S.C. § 3142(g).

The Defendant's appeal arises under the third factor.  Under the third factor, the Court takes into consideration information concerning the nature and character of the defendant, such as the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings.  § 3142(g)(3)(A).  The Court is also to

2

consider whether, at the time of the offense or arrest, the person was on probation.   §
3142(g)(3)(B).   The Defendant alleges that the Magistrate Judge gave too much weight
to the Defendant's lack of ties to Nebraska, and argues that the term "community ties"
encompasses the entire United States and not just the charging district.

Section 3142 does not define "community ties," and it is unclear whether
"community ties" as stated in the statute means the community where the charges
against the defendant were brought, or whether the consideration is broad enough to
encompass any "community" in the United States.   The Ninth Circuit has determined
that "community ties" encompass both the community in which the charges were
brought and the community within the United States to which the defendant has ties.
*United States v. Townsend*, 897 F.2d 989 (9th Cir. 1990).   Other courts have concluded
that a lack of ties to the community in which the charges were brought poses a serious
obstacle to a defendant's release.   *See e.g. United States v. Cashin*, 739 F. Supp.
1107, 1111 (E.D. Mich. 1990).[1]

The Court concludes that it need not decide this issue because, although a
defendant's ties to the community are an aspect of one of the four factors the Court

---

[1]   Several courts addressing the issue have reached differing conclusions about the scope of a
defendant's "community ties."   *Compare United States v. Yuen* No. 11- MJ-03399, 2011 WL 5025134
(S.D. Fl., Oct. 21, 2011) (determining that the *Townsend* approach better kept with the meaning of the
term "community" within the statute and rejecting the Government's argument that only ties with the
community where the charges are brought should be considered), *with United States v. Rivera*, 90
F.Supp.2d 1339 (S.D. Fl. 1990) (determining that ties to any district other than the charging district were
insufficient and the relevant community is, of course, the community in which the defendant faces
prosecution) *and United States v. Adipietro*, 773 F.Supp. 1270 (W.D. Mo. 1991) (determining that a lack
of ties with the charging district's community and weak ties in New York were insufficient to warrant a
release).

considers, such ties are by no means outcome determinative.[2]  The Defendant does not meaningfully challenge Magistrate Thalken's conclusion with regard to other factors, or even the other aspects of the third factor, and the Court's review of the record shows no reason to disturb his findings.  The Defendant has multiple prior felony arrests, and is currently on probation on charges of being a felon in possession of a firearm.  While on probation, the Defendant left San Joaquin County, Stockton, California, and allegedly delivered a significant amount of methamphetamine to Scottsbluff, Nebraska.  The charges in the indictment carry a minimum punishment of ten years, and a maximum of life imprisonment.  The charges under the indictment carry a rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. . . ."  18 U.S.C. § 3142(e)(3)(A).  The Defendant has not met his burden of production to overcome this presumption.  The record before the Court supports a finding that the Defendant should remain detained during the pendency of this case.  Accordingly,

IT IS ORDERED:  The Objection and Appeal of the Magistrate Judge's Detention Order (Filing No. 31), filed by Defendant Danny Junior Bravo, is overruled.

Dated this 22nd day of May, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

[2]    *See, e.g., U.S. v. Cisneros*, 328 F.3d 610 (10th Cir. 2003) (finding third factor showed community ties, but concluding other factors supported detention), and *U.S. v. Gines Perez*, 152 F. Supp. 2d 137 (D.P.R. 2001) (reasoning that although community ties were strong, other factors still support detention.); *see also U.S. v. Heilig*, 633 F. Supp. 329 (M.D. Pa. 1986), *U.S. v. Ward*, 63 F. Supp. 2d 1203 (C.D. Cal. 1999).

4