IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>vs.<br><br>DANNY JUNIOR BRAVO,<br><br>     Defendant. | CASE NO. 8:13CR138<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on the Objection and Appeal of the Magistrate Judge's Detention Order (Filing No. 54) filed by Defendant Danny Junior Bravo ("Bravo"). The Defendant has submitted a Brief in support of his position (Filing No. 55) and the Government has submitted a response (Filing No. 56). Having considered the record and the parties' briefs, the Court finds that Bravo's Objection should be overruled.

## BACKGROUND

This is the second time the Court has considered whether Bravo should be released under the Bail Reform Act, 18 U.S.C. § 3142. A more detailed discussion of the charges and allegations against Bravo are contained in the Court's previous orders (Filing Nos. 41, 53), and the Court will not repeat the allegations here. The Magistrate ordered Bravo detained pending disposition of this case on May 1, 2013 (Filing No. 26). The undersigned overruled Bravo's objections to the detention order on May 22, 2013 (Filing No. 41). Bravo moved to reconsider detention on July 1, 2013 (Filing No. 43). Based on a substance abuse evaluation completed on June 10, 2013, Bravo argues that he should be released to the NOVA Treatment Community in Omaha, Nebraska, to

enter a program for treatment of chemical and substance abuse. (Filing No. 43 at 1-2.) Bravo claims that placement in such a program would provide conditions to reasonably assure future appearance in court proceedings and further the interests of safety of the community. (*Id.*)

A hearing on Bravo's Motion to Reconsider Detention was held on July 10, 2013. At the hearing, Bravo presented evidence that NOVA would accept Bravo as of the date of the hearing, and showed evidence of his income and an order of joint custody of his children. (*See* Filing No. 51, Exs. 102, 103.) The Government presented a substance abuse evaluation from Debra K. Davidson Counseling in Lincoln, Nebraska, which recommended that Bravo participate in the Nebraska Standardized Model Residential Substance Abuse Program. (*Id.*, Ex. 101.) The Government also presented the testimony of Special Agent James Slosson ("Agent Slosson") recounting information about Bravo's alleged criminal activity, and summarizing the Government's evidence against Bravo.

The Magistrate concluded that Bravo's criminal activity was "wide-ranging and devious." Based on inconsistencies between Bravo's self-reporting and his reporting to Davidson Counseling, the Magistrate noted that Bravo's main concern appeared to be a release from detention rather than need for substance abuse treatment. The Magistrate reasoned that Bravo was on conditional release in California when he allegedly violated drug trafficking laws in Nebraska, resulting in the pending charges in this case. There was no assurance that Bravo would not repeat such actions if he were again released from detention. Accordingly, the Magistrate denied Bravo's Motion to Reconsider Detention.

**STANDARD**

"Unless additional evidence is received on review, the district judge reviews an order of release or detention de novo on the record made before the magistrate judge." NECrimR 46.2(c). The Defendant has not submitted additional evidence, and the Court will review the Detention Order based upon the record before the Magistrate.

**DISCUSSION**

Upon de novo review of the parties' arguments and evidence, the Court again concludes that the Objection to the Magistrate's Order should be overruled. Pursuant to the Bail Reform Act, a defendant may be detained pending trial only after a hearing, held pursuant to 18 U.S.C. § 3142(f), and upon a finding "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). At such a hearing, the United States bears the burden of proving risk of flight by a preponderance of the evidence, and the burden of proving dangerousness by clear-and-convincing evidence. *See* 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, must only be established by a preponderance of the evidence. *United States v. Orta,* 760 F.2d 887, 891 (8th Cir.1985).

A statutory presumption arises "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if" a court "finds that there is probable cause to believe that the person

committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act." 18 U.S.C. § 3142(e)(3).  In a "presumption case," the defendant bears a limited burden of production—not a burden of persuasion—to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight.  *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir.2001)).

Bravo's indictment for conspiracy is under 21 U.S.C. §§ 841(a)(1) and 846 carries a minimum sentence of 10 years imprisonment.  *See* 21 U.S.C. 841(a)(1)(A)(viii).  The indictment itself provides probable cause that the presumption applies in this case.  *See United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) ("A grand jury indictment, by itself, establishes probable cause to believe that a defendant committed the crime with which [s]he is charged.") (citing *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir.1985)); *United States v. Leyba*, 104 F. Supp. 2d 1182, 1183 (S.D. Iowa 2000).[1]  Bravo does not address whether the presumption applies in this case, and instead assumes that a presumption against detention applies.  This argument ignores that the conspiracy charges in the indictment carry a minimum sentence of 10 years.

---

[1] The Eighth Circuit has not directly addressed this issue, but it appears that the majority of Circuit Courts of Appeal agree that an indictment provides probable cause of the presumption in favor of detention.  *See United States v. Cruz*, 23 F.3d 395, at *1 (1st Cir.1994)("The grand jury indictment ... gave the district court probable cause to believe that appellant had committed a crime of violence.... This, in turn, triggered the rebuttable presumption contained in § 3142(e)." (citing *United States v. Dillon*, 938 F.2d 1412, 1416 (1st Cir.1991)(per curiam))); *United States v. Quartermaine*, 913 F.2d 910, 916 (11th Cir.1990) ("A grand jury indictment provides the probable cause required by the statute to trigger the presumption." (citing *United States v. Hurtado*, 779 F.2d 1467, 1479 (11th Cir.1985))); *United States v. Williams*, 903 F.2d 844, at *1 (D.C. Cir. 1990)( "Courts of appeals, however, have uniformly held that a judicial officer may rely on a grand jury indictment to establish probable cause for the purposes of triggering the rebuttable presumption of section 3142(e)." (citing *United States v. Vargas*, 804 F.2d 157, 163 (1st Cir.1986); *United States v. Suppa*, 799 F.2d 115, 118–19 (3d Cir.1986); *United States v. Dominguez*, 783 F.2d 702, 706 n. 7 (7th Cir.1986); *United States v. Hurtado,* 779 F.2d 1467, 1477–79 (11th Cir.1985); *United States v. Contreras*, 776 F.2d 51 (2d Cir.1985); *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir.1985).

Accordingly, the Court begins its analysis with a presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3).  Bravo, therefore, must meet his burden of production to rebut the presumption.

Courts consider four factors to determine whether the defendant has rebutted the presumption of detention where it applies.  The factors considered are: (1) the nature and circumstances of the offense, (2) the weight of the evidence against the defendant, (3) the history and characteristics of the defendant, and (4) the nature and seriousness of the danger to any person or the community.  18 U.S.C. § 3142(g).  If the defendant meets his burden of production, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Abad*, 350 F.3d at 797.  Bravo has not come forward with sufficient evidence to overcome the presumption and, even if he had, the factors considered weigh in favor of detention.

Bravo has been charged in a large-scale methamphetamine conspiracy and faces a substantial sentence, if convicted.  Bravo presents no new evidence or matters for consideration to alter the Court's analysis of the nature and circumstances of the alleged crime.  By the very nature and circumstances of the presumption and the crimes alleged, the first factor weighs in favor of detaining Bravo.  Bravo has not challenged the weight of the evidence against him, presented at each hearing.  That evidence is significant and includes the testimony of several witnesses.  Thus, on the record currently before the Court, the second factor also weighs in favor of detention.  Neither

party directly addresses the fourth factor, but when considered together with the presumption of detention under § 3142(e), that factor weighs in favor of detention.

As with the first appeal, Bravo's argument in his present Objection focuses on the third factor. Bravo argues that he should be released because he is willing to be subjected to all of the standard conditions of release in drug cases. Bravo argues that he should be released to NOVA treatment because such treatment presents an alternative to pretrial detention and reasonably assures Bravo's appearance in Court and public safety. The Court has carefully reviewed the record and cannot conclude that the mere availability of the NOVA treatment program mitigates the Court's concerns in its previous orders. Based on the presumption of detention, and the analysis of the evidence in the record, the Court concludes that detention is proper under the circumstances. Accordingly,

IT IS ORDERED that Defendant Danny Junior Bravo's Objection to the Magistrate's Detention Order (Filing No. 54) is overruled.

Dated this 2nd day of August, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge