IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:13CR138 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| DANNY JUNIOR BRAVO, | ) | |
| | ) | |
| Defendant. | ) | |

    This matter is before the court on the motion of defendant Danny Junior Bravo (Bravo) to suppress (Filing No. 57). Bravo also seeks a **Franks** hearing and an evidentiary hearing on his motion to suppress (Filing No. 58). Bravo is charged, along with defendant Leticia Angela Desman (Desman), with a conspiracy to distribute and possess with intent to distribute methamphetamine (Count I) in violation of 21 U.S.C. § 846 and the possession with intent to distribute methamphetamine (Count II) in violation of 21 U.S.C. § 841(a)(1). Bravo asserts an April 2, 2013, search warrant for the hotel room at the Comfort Inn in Scottsbluff, Nebraska, and a 2001 Chevy Yukon was based on an application and affidavit of Investigator Brandi Brunz (Investigator Brunz) which intentionally or with reckless disregard for the truth omitted essential information. Bravo asserts if the withheld information would have been included in the application and affidavit, the Scottsbluff County Judge would not have issued the search warrant.

    In **Franks v. Delaware**, 438 U.S. 154 (1978), the Supreme Court defined a limited exception to the presumptive validity of an affidavit supporting a search warrant or wire interception order. The Court held that, if the government intentionally includes material false statements in the application or affidavit or omits material statements with a reckless disregard for the truth that is the legal equivalent of intentional falsehood, a court reviewing a motion to suppress must "set aside those statements and then review the remaining portions of the affidavits to see if what remains [is] sufficient to establish probable cause" or include such omitted statements to determine whether there would be probable cause to issue the warrant. **United States v. Garcia**, 785 F.2d 214, 222 (8th Cir. 1986). As stated by the Eighth Circuit in **United States v. Falls**, 34 F.3d 674 (8th Cir. 1994):

> The defendant may challenge a facially sufficient affidavit by showing that the facts included in the affidavit are false or were made in reckless disregard of the truth, or that facts were omitted with the intent to mislead or in reckless disregard of whether it was misleading.  The reviewing court must then determine whether, either absent the false material or supplemented with the omitted material, the remaining contents of the affidavit are sufficient to establish probable cause.  If the remaining contents are insufficient to establish probable cause, the warrant must be voided and the fruits of the search suppressed.

*Id*. at 681 (citations omitted).  **See also *United States v. Montes-Medina***, 570 F.3d 1052 (8th Cir. 2009); ***United States v. Williams***, 477 F.3d 554 (8th Cir. 2007).

To succeed in a ***Franks***-type challenge to the validity of a search warrant, a defendant bears the burden to establish by a preponderance of the evidence that the affiant, either knowingly and intentionally, or with reckless disregard of the truth, included a false statement within the warrant affidavit.  ***Franks***, 438 U.S. at 155-56; ***United States v. Williams***, 981 F.2d 1003, 1005 (8th Cir. 1992).  The same analysis applies to omissions of fact.  The defendant must show that the facts were omitted with the intent to make, or in reckless disregard of whether they make, the affidavit misleading.  ***United States v. Humphreys***, 982 F.2d 254, 258 n.2 (8th Cir. 1992); ***United States v. Reivich***, 793 F.2d 957, 960-61 (8th Cir. 1986); ***United States v. Leuth***, 807 F.2d 719, 726 (8th Cir. 1986).  The reviewing court must then determine whether, either absent the false material or supplemented with the omitted material, the affidavit's remaining contents are sufficient to establish probable cause.  **See *Franks***, 438 U.S. at 156.

In order to be entitled to a ***Franks*** hearing, the Eighth Circuit has held that the defendant must satisfy two requirements:

> First, the defendant must make a substantial preliminary showing of an intentional or reckless falsehood in the affidavit.  ***Franks***, 438 U.S. at 155-56 [98 S. Ct. at 2676].  "The substantiality requirement is not lightly met."  ***United States v. Wajda***, 810 F.2d 754, 759 (8th Cir.), **cert. denied**, 481 U.S. 1040 [107 S. Ct. 1981, 95 L. Ed.2d 821](1987).  "Allegations of negligence or innocent mistake are insufficient."  ***Franks***, 438 U.S. at 171 [98 S. Ct. at 2684].  Second, the allegedly false

> statements must be necessary to the finding of probable cause. *Id.* at 156 [98 S. Ct. at 2677].

*United States v. Schenk*, 983 F.2d 876, 879 (8th Cir. 1993). If these requirements are not met, no *Franks* hearing is required. *Wajda*, 810 F.2d at 759.

Bravo asserts Investigator Brunz omitted from the affidavit for the search warrant the following information regarding the confidential informant (CI), now identified as Christine Castellaw (Castellaw):

> 1. Castellaw gave a proffer statement to law enforcement on October 30, 2012, regarding methamphetamine deliveries, wherein she revealed she was a methamphetamine user since 2005 and last used a week before her arrest on September 20, 2012. Further, in the interview Castellaw admitted she lied on an ATF Form 4473 when purchasing handguns. During such interview, Castellaw did not identify Bravo as a source of her methamphetamine.
> 2. Castellaw violated the conditions of her pretrial release by submitting a urine specimen that tested positive for methamphetamine on January 7, 2013.
> 3. Investigator Brunz knew that Castellaw was using methamphetamine in 2013.

Bravo asserts omitting the above information from the affidavit, which goes to the credibility and reliability of the CI Castellaw, would preclude the county judge finding there was probable cause to issue the search warrant.

First, Bravo has made no offer of proof that any omissions regarding Castellaw's use of methamphetamine, her falsification of a firearms acquisition record, or her use of methamphetamine while on pretrial release were intentionally or recklessly omitted from the affidavit for the search warrant or were omitted to deceive the issuing judge. **See *United States v. Crissler*, 539 F.3d 831, 833-834 (8th Cir. 2008). In *United States v. Cone*, Case No. 12-4023, 2013 WL4461565, at *2 (8th Cir. August 22, 2013), the Eighth Circuit has held:

> When a defendant alleges an affidavit submitted in support of a search warrant applications omitted facts, he bears the burden to make a substantial preliminary showing that "facts were omitted with the intent to make, or in reckless disregard of whether they make, the affidavit misleading," and "the affidavit, if supplemented by the omitted information, could not

3

support a finding of probable cause." ***United States v. Reinholz***, 245 F.3d 765, 774 (8th Cir. 2001); see also ***Franks***, 438 U.S. at 155-56. This standard is "not lightly met," ***United States v. Wajda***, 810 F.2d 754, 759 (8th Cir. 1987). . . .

Second, the omission that Castellaw had falsified documents in the past or had used controlled substances would not have detracted from the probable cause established by audio and personal surveillance of the meeting between Castellaw and Bravo, and controlled conditions prior to and after the meeting with Bravo, which resulted in the acquisition of the controlled substances involving the hotel room and vehicle subject to the search warrant. As in ***Cone***, **supra**, the omissions themselves were not critical to a finding of probable cause.

Accordingly, Bravo's attempt to introduce evidence regarding probable cause apart from the affidavit itself through the mechanism of a ***Franks*** hearing is without merit. His motion for a ***Franks*** hearing as part of any evidentiary hearing on the motion to suppress is be denied. An evidentiary hearing will be granted on the motion to suppress but such hearing shall not include evidence relating to probable cause for the issuance of the warrant apart from the "four corners of the affidavit."

**IT IS ORDERED:**

1. Bravo's request for a ***Franks*** hearing (Filing No. 58) is denied.
2. Bravo's request for an evidentiary hearing and oral argument on the motion to suppress (Filing No. 57) is granted. An evidentiary hearing on the motion to suppress (Filing No. 57) will be held before the undersigned magistrate judge in Courtroom No. 7, Third Floor, Roman L. Hruska U.S. Courthouse, 111 South 18th Plaza, Omaha, Nebraska, **commencing at 10:00 a.m. on September 17, 2013.** The defendant is required to be present for the hearing.

**ADMONITION**

Pursuant to [NECrimR 59.2](NECrimR 59.2) any objection to this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order. Failure to timely object may constitute a waiver of any such objection. The brief in support of any

objection shall be filed at the time of filing such objection.  Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 27th day of August, 2013.

>BY THE COURT:
>
> s/ Thomas D. Thalken
> United States Magistrate Judge