# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiffs,<br><br>  vs.<br><br>DANNY JUNIOR BRAVO,<br><br>               Defendant. | 8:13CR138<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Findings and Recommendation (Filing No. 73) issued by Magistrate Judge Thomas D. Thalken recommending that the Motion to Suppress Search Warrant (Filing No. 57) filed by the Defendant, Danny Junior Bravo ("Defendant"), be denied. Bravo filed an Objection to the Findings and Recommendation and a supporting brief (Filing Nos. 74, 75) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 59.2(a). The Government has submitted a Response to the Objection (Filing No. 76.) For the reasons set forth below, the matter will be remanded with instructions for a supplemental evidentiary hearing.

## BACKGROUND

The Defendant was charged in a two count indictment (Filing No. 1) with conspiring to distribute 500 grams or more of a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 846, and with possession with intent to distribute 50 grams or more of a mixture or substance containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1). The Defendant moves to suppress the search warrant issued on April 2, 2013, by the County Court of Scottsbluff County, Nebraska. (*See* Filing No. 57.)

At the evidentiary hearing held on September 18, 2013, Judge Thalken instructed the Government to offer the warrant and supporting affidavit as evidence. (Filing No. 72 at 2:23-25.) The Defendant objected to the evidence on the basis that the affidavit offered was not signed. (*Id.* at 3:7-8.) Judge Thalken tentatively received what is marked as Government's Exhibit No. 1, under the condition that the Government submit a substituted exhibit with the signed affidavit within two days. (*Id.* at 2:12-20.) The record demonstrates that the Government submitted a substituted Exhibit No. 1.

Following the evidentiary hearing, Judge Thalken issued a Findings and Recommendation (Filing No. 64). Judge Thalken concluded that under the totality of the circumstances, using a common sense approach, probable cause existed to issue the search warrant. Judge Thalken concluded that the Confidential Informant ("CI") was reliable, that the omission from the supporting affidavit of the things to be seized or place to be searched was not a material omission, and that the investigator seeking the warrant acted in good faith within the warrant's scope. Judge Thalken therefore recommended that the Motion to Suppress (Filing No. 57) be denied.

## DISCUSSION

The Defendant objects to the Findings and Recommendation, in part because the affidavit submitted to the Court was unsigned and there was no indication that the matters set forth to the issuing judge were sworn to. Under the Fourth Amendment, "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. Amend. IV; *Groh v. Ramirez*, 540 U.S. 551, 557 (2004). "An 'Oath or affirmation' is a formal assertion of, or attestation to, the truth of what has been, or is

to be, said." *United States v. Brooks*, 285 F.3d 1102, 1105 (8th Cir. 2002) (quoting *United States v. Turner,* 558 F.2d 46, 50 (2d Cir.1977). Consequently, a warrant cannot be based solely on unsworn statements. *Id*.; *Frazier v. Roberts,* 441 F.2d 1224, 1226–29 (8th Cir. 1971); *United States v. Medearis*, 775 F. Supp. 2d 1110, 1120 (D.S.D. 2011).

The Government's Exhibit No. 1 included a warrant executed by a judge of the County Court of Scotts Bluff County, Nebraska. However, the copy of the supporting affidavit submitted was not signed by the investigating officer. To cure this deficiency, the Government submitted Substituted Exhibit No. 1 on September 18, 2013, the same day as the evidentiary hearing. Substituted Exhibit No. 1 is also missing a signature. Although the last page of Substituted Exhibit No. 1 contains the officer's signature, the last page is the Return and Inventory of the evidence seized, not the signature page of the affidavit. Thus, the Government did not submit a signed affidavit in support of the warrant within the time granted by Judge Thalken.

The Government apparently sought to cure this deficiency by attaching a copy of the signed affidavit to its response to the Defendant's Objection to the Findings and Recommendation (Filing No. 76.) The signed affidavit attached to the Government's response includes a signature page. Contrary to the Government's assertion, however, the affidavit attached to its Response is not the same as the affidavit contained within Substituted Exhibit No. 1. The Court concludes the Government's attempt to cure is not sufficient. Nebraska Criminal Rule 59.2(b)(2) states:

> **Findings and Recommendations.** A party may not offer additional evidentiary materials; however, if the magistrate judge held an evidentiary hearing, the objecting party may request a supplemental hearing to offer

3

> additional evidence. The district judge may hold the supplemental hearing if the party shows good cause why the evidence was not presented to the magistrate judge.

Because the signed affidavit was not before Judge Thalken as an exhibit or a substituted exhibit, the Government cannot offer the signed affidavit as evidence in opposition to the Defendant's Objection to the Findings and Recommendation. Accordingly, the warrant in evidence is not supported by a sworn affidavit, and is Constitutionally deficient.

The fact that the warrant presented at the hearing did not comply with Fourth Amendment's oath or affirmation requirement does not end the inquiry. See *United States v. Thurman*, 625 F.3d 1053, 1056 (8th Cir. 2010) (citing *United States v. Leon*, 468 U.S. 897, 922 (1984) (stating that even where a warrant application was technically deficient, the exclusionary rule does not require suppression of evidence if certain criteria are met). In *Leon*, the Supreme Court sharply curtailed the use of the exclusionary rule as a remedy for unconstitutional searches, and noted that the stated purpose of the exclusionary rule is "to deter police misconduct rather than to punish the errors of judges and magistrates." *Id.* at 916. In this case, the deficiency is in the evidence offered at the hearing, and there is no indication that the deficiency was the result of police misconduct. Nevertheless, the Court will not address the applicability of the *Leon* good faith exception at this time. Although the warrant in evidence is deficient, it appears that a signed affidavit existed when the warrant was issued, and is available to the parties. Rather than proceed on the deficient affidavit, and in an effort to create a clear record, the Court will remand the matter to Judge Thalken for a supplemental

4

hearing on the sufficiency of the oath and affirmation supporting the affidavit. Accordingly,

IT IS ORDERED:

1. The Defendant's Objection to the Findings and Recommendation (Filing No. 74) is sustained;

2. The Findings and Recommendation (Filing No. 73) issued by Magistrate Judge Thomas D. Thalken are remanded with instructions to conduct a supplemental hearing on the oath and affirmation of the affidavit supporting the warrant at issue;

3. The Government's Response to the Objection (Filing No. 76) is terminated; and

4. The Defendant's Motion to Strike Exhibit (Filing No. 77) is granted.

Dated this 27th day of November, 2013.

BY THE COURT:

s/Laurie Smith Camp  
Chief United States District Judge