IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | **CASE NO. 8:13CR138** |
| **vs.** | |
| | **MEMORANDUM** |
| **DANNY JUNIOR BRAVO,** | **AND ORDER** |
| **Defendant.** | |

This matter is before the Court on the Findings and Recommendation (Filing No. 73), and the Findings and Recommendation following the supplemental evidentiary hearing (Filing No. 86) issued by Magistrate Judge Thomas D. Thalken recommending that the Motion to Suppress Search Warrant (Filing No. 57) filed by the Defendant, Danny Junior Bravo ("Defendant"), be denied.  Bravo filed an Objection to the Findings and Recommendation and a supporting brief (Filing Nos. 74, 75) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 59.2(a).  The Court presumes that the Defendant has renewed his Objection following the supplemental hearing.  The Government submitted a Response to the Objection (Filing No. 76).  For the reasons set forth below, the Findings and Recommendation will be adopted in their entirety, and the Motion to Suppress will be denied.

## BACKGROUND

The Defendant was charged in a two count indictment (Filing No. 1) with conspiring to distribute 500 grams or more of a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 846, and with possession with intent to distribute 50 grams or more of a mixture or substance containing methamphetamine in

violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1). The Defendant moves to suppress the search warrant issued on April 2, 2013, by the County Court of Scottsbluff County, Nebraska. (*See* Filing No. 57.)

Following the evidentiary hearing, Judge Thalken issued a Findings and Recommendation (Filing No. 64). Judge Thalken concluded that under the totality of the circumstances, using a common sense approach, probable cause existed to issue the search warrant. Judge Thalken concluded that the Confidential Informant ("CI") was reliable, that the omission from the supporting affidavit of the things to be seized was not a material omission, and that the investigator seeking the warrant acted in good faith within the warrant's scope. Judge Thalken therefore recommended that the Motion to Suppress (Filing No. 57) be denied. Judge Thalken held a supplementary hearing on December 12, 2013. The Court received into evidence a copy of the signed affidavit for search warrant, a search warrant, and a return of the search warrant.

Judge Thalken provided an account of the events surrounding the affidavit, warrant, and search. (Filing Nos. 73.) The Court has considered the transcripts of the hearings conducted by Judge Thalken and carefully viewed the evidence, including the evidence submitted at the supplemental hearing. There are no objections to Judge Thalken's factual findings, and based on a de novo review of the record the Court adopts those factual findings.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C), the Court must make a de novo determination of those portions of the findings and recommendation to which the Defendants have objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate

Judge's findings or recommendation.  The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## DISCUSSSION

### I.      Oath or Affirmation

Defendant originally objected to the to the affidavit supporting the warrant because the affidavit submitted to the Court as evidence had not been signed or affirmed.  The Court notes that the affidavit  received as  Exhibit 1 in the supplemental hearing demonstrates that the affidavit was signed under oath.  Accordingly, the Court concludes that the affidavit satisfies the Oath or affirmation requirement of U.S. Const. Amend. IV.

### II.     Probable Cause

The Defendant objects to Judge Thalken's findings that probable cause supported issuance of the warrant.  With respect to a finding of probable cause, the Eighth Circuit has stated:

> An affidavit establishes probable cause if it sets forth sufficient facts to establish that there is a fair probability that contraband or evidence of criminal activity will be found in the place to be searched. *Illinois v. Gates,* 462 U.S. 213, 238 (1983). A probable cause determination is based on the totality of the circumstances. *United States v. Morales,* 923 F.2d 621, 623–24 (8th Cir. 1991). "When information supplied by an informant forms the basis for probable cause in a warrant, the 'core question in assessing probable cause ... is whether the information is reliable.' " *United States v. Nieman,* 520 F.3d 834, 839–40 (8th Cir.2008) (quoting *United States v. Williams,* 10 F.3d 590, 593 (8th Cir.1993)).

*United States v. Cowling*, 648 F.3d 690, 695-96 (8th Cir. 2011).  The determination of probable cause rests on a "'common-sense reading of the entire affidavit.'" *United*

3

*States v. Seidel,* 677 F.3d 334, 338 (8th Cir. 2012) (quoting *United States v. Timley,* 443 F.3d 615, 624 (8th Cir. 2006)).

Utilizing a common sense approach, and for the reasons stated in Judge Thalken's Findings and Recommendation, the Court concludes that probable cause supported the issuance of the warrant.  The affidavit supporting the warrant provided a detailed timeline of the Defendant's alleged criminal activity.  The affidavit corroborated the information provided by the CI.  Accordingly, the issuing judge's reliance on the affidavit was proper.

**III.    *Leon* Good Faith Exception**

Even if the affidavit was not supported by probable cause, the officer relied on the validity of the warrant in good faith.  If probable cause is lacking, an exception to the exclusionary rule applies where officers rely on the warrant in good faith.  *United States v. Hessman,* 369 F.3d 1016, 1019 (8th Cir. 2004).  In *United States v. Leon,* 468 U.S. 897 (1984), the Supreme Court sharply curtailed the use of the exclusionary rule as a remedy for unconstitutional searches, and noted that the stated purpose of the exclusionary rule is "to deter *police* misconduct rather than to punish the errors of judges and magistrates." *Id.* at 916.  "In the absence of an allegation that the magistrate abandoned his detached and neutral role, suppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." *Id.* at 920.  There is no evidence that the investigators were reckless or dishonest in preparing the affidavit, nor is there any allegation that the issuing judge wholly abandoned his detached and neutral role.  For the reasons stated in the Findings and Recommendation, the

4

investigators acted in good-faith reliance on the warrant, and the *Leon* exception applies.

### CONCLUSION

For the reasons discussed, the Findings and Recommendation will be adopted, and the Motion to Suppress will be denied.

IT IS ORDERED:

1.      The Findings and Recommendation (Filing No. 73), and the Findings and Recommendation following the supplemental evidentiary hearing (Filing No. 86), are adopted in their entirety;

2.      The Motion to Suppress Search Warrant (Filing No. 57) filed by the Defendant, Danny Junior Bravo, is denied; and

3.      The Defendant's Objection to the Findings and Recommendation (Filing No. 74) is overruled.


Dated this 10th day of January, 2014.

                                        BY THE COURT:

                                        s/Laurie Smith Camp
                                        Chief United States District Judge